[Cite as *State v. Howard*, 2023-Ohio-3477.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 112304

v.                                      :

EMANUEL HOWARD,                         :

    Defendant-Appellant.         :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 28, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669578

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Mary Grace Tokmenko, Assistant Prosecuting Attorney,
*for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Noelle A. Powell, Assistant Public Defender, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Emanuel Howard appeals from his judgment of conviction, contending that his sentence under the Reagan Tokes Law is unconstitutional. For the reasons that follow, we affirm.

{¶ 2} Howard pled guilty to Count 1, as amended, felonious assault, a felony of the second degree, with a three-year firearm specification; and Count 3, as charged, having weapons under disability, a felony of the third degree. The crimes occurred in March 2021. Under the plea agreement, the state and defense agreed to a recommended five-year prison sentence.

{¶ 3} The trial court adopted the parties' recommended prison sentence and sentenced Howard to a three-year prison term on the firearm specification attendant to Count 1, to be served prior to and consecutive with a two- year prison term on the underlying charge of Count 1. The court further sentenced Howard to a 36-month prison term on Count 3, to run concurrent with the time on Count 1. Additionally, the trial court informed Howard that under the Reagan Tokes Law, the Department of Rehabilitation and Correction could extend his sentence by up to half of the sentence on the base charge. In his sole assignment of error, Howard challenges the imposition of an indefinite sentence under Reagan Tokes.

{¶ 4} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences. Howard contends that the Reagan Tokes Law violates his

constitutional right to a trial by jury, the separation-of-powers doctrine, and due process.

{¶ 5} On July 26, 2023, the Ohio Supreme Court issued its decision in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, finding the Reagan Tokes Law constitutional and determining the law does not violate the separation of powers doctrine, the right to a jury trial, and the right to due process. *Id.* at ¶ 41. The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*. Accordingly, pursuant to *Hacker*, we overrule Howard's assignment of error.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

ANITA LASTER MAYS, A.J., and
EILEEN T. GALLAGHER, J., CONCUR